# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSE G. SANTIAGO**
        **Petitioner,**

    **v.**                                      **Case No. 04-C-0788**

**GARY R. McCAUGHTRY**
**Warden of Waupun Correctional Institution**
        **Respondent.**

## ORDER

On February 22, 2005, petitioner filed a motion to stay this habeas case so that he can attempt to exhaust his state remedies in connection with claims that he believes are presently unexhausted. Also, on April 7, 2005, petitioner filed a motion to amend his habeas petition. Respondent does not oppose petitioner's motion to amend the petition (see R. 34 ¶ 1), and therefore this motion will be granted.

Petitioner's motion to stay relies on cases providing that when a habeas petition contains both exhausted and unexhausted claims (that is, when the petition is "mixed") and the petitioner desires to return to state court and attempt to exhaust his unexhausted claims, the district court should stay rather than dismiss the mixed petition so that, when the petitioner returns to federal court, the 28 U.S.C. § 2244(d) statute of limitations does not block federal review of his claims. See, e.g., Moore v. Mote, 368 F.3d 754, 755-56 (7th Cir. 2004). Recently, in Rhines v. Weber, the Supreme Court placed limits on a district court's ability to grant a stay under these circumstances, requiring a petitioner to show both "good cause" for his initial failure to exhaust and that his unexhausted claims are not "plainly meritless" before obtaining a stay. 125 S. Ct. 1528, 1535 (2005).

In the present case, petitioner has not attempted to show good cause for his initial failure to exhaust his claims in state court. Thus, I may not grant him a stay. In any case, respondent has not asserted that any of petitioner's claims are unexhausted; to the contrary, respondent has conceded that petitioner has exhausted all available state remedies. (See Answer [R. 7] ¶ 3; Resp. to Pet'r's Mot. to Stay [R. 41] at 2.) Therefore, petitioner has no need to return to state court before obtaining federal review of his claims. See Perruquet v. Briley, 390 F.3d 505, 515-18 (7th Cir. 2004) (explaining that state may waive and/or forfeit exhaustion requirement). Accordingly, I will deny petitioner's request to stay this case.

Petitioner has already filed a brief in support of the original petition. Now that he has amended his petition, I will disregard the brief that he has already filed and allow him to file a brief in support of the amended petition. This brief will be due within forty-five days of the date of this order. Respondent's brief in opposition will be due within forty-five days of the date on which petitioner files his brief in support. Petitioner may file a reply brief within thirty days of the date on which respondent files his brief in opposition.

**THEREFORE, IT IS ORDERED** that petitioner's motion to amend his petition [R. 32] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to stay this case [R. 26] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties abide by the briefing schedule set forth above.

**FINALLY, IT IS ORDERED** that the remaining pending motions in this case (R. 28, 30, 31, 38 & 39) are **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 22 day of June, 2005.

/s_____
LYNN ADELMAN
District Judge