# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSE G. SANTIAGO, JR.,
         Petitioner,

    v.                                                        Case No. 04-C-0788

GARY R. McCAUGHTRY, Warden,
Waupun Correctional Institution,
         Respondent.

## DECISION AND ORDER

Pro se petitioner Jose G. Santiago, Jr. brought this action for habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction of first-degree reckless homicide pursuant to his plea of no-contest. In June 2005, petitioner asked me to stay consideration of his petition so that he could exhaust one or more claims of ineffective assistance of counsel in the state courts. Respondent McCaughtry did not oppose petitioner's request but stated that he believed that petitioner had exhausted his claims. On June 22, 2005, I denied petitioner's request for a stay primarily because I did not believe that it would serve any useful purpose.

However, I have recently begun to explore petitioner's claims and have concluded that I should reconsider my June 22, 2005 order and grant his request for a stay to enable him to exhaust unexhausted claims. I am authorized to reconsider such order because it was non-final and "subject to revision at any time before the entry of judgment." Fed. R. Civ. P. 54(b). Moreover, as previously indicated, respondent did not object to petitioner's request for a stay but left the matter "entirely to the court's discretion." (Resp. to Pet'r's Mot. for Permission to Supplement Mot. to Stay or Hold in Abeyance.) I also conclude that

there is good cause for petitioner's initial failure to exhaust, and based on the record before me, I cannot say that his unexhausted claims are completely meritless. See Rhines v. Weber, 125 S. Ct. 1520, 1525 (2005). Petitioner is pro se and has been for some time (his court-appointed post-conviction/appellate counsel filed a no-merit report in the state court of appeals over his objection), and his claims may be somewhat more complicated than the state courts recognized.

Specifically, petitioner contends that he has not exhausted his claim that his post-conviction/appellate counsel was ineffective for failing to bring a post-conviction motion for a hearing pursuant to State v. Machner, 92 Wis. 2d 797 (1979), to determine whether his trial counsel was ineffective. He contends that he may pursue this claim in the state courts pursuant to State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675 (Ct. App. 1996). Petitioner argues that if he had had a Machner hearing, he could have shown: (1) that his trial counsel induced him to plead no-contest and was, therefore, ineffective; (2) that his trial counsel performed deficiently by standing mute at the hearing on his motion to withdraw his plea, and that counsel's non-action prejudiced him because if counsel had made an objectively reasonable argument, the trial court would have permitted him to withdraw his plea; and (3) that his trial counsel was ineffective in representing him in connection with sentencing. With respect to (2), petitioner also argues that his filing of a pro se motion to withdraw his plea, which motion his trial counsel apparently did not endorse, created a conflict between his trial counsel and himself that the trial court should have explored.

It is of course for the state courts to determine whether petitioner may pursue these or other claims in the state courts and, if so, in what fashion. However, under the

2

circumstances, I believe it is appropriate to give petitioner an opportunity to present his unexhausted claims to the state courts.

Therefore, for the reasons stated,

**IT IS ORDERED** that the petitioner's habeas corpus action is **STAYED**, and petitioner is authorized to pursue his claims in the state courts. I will reactivate this action upon petitioner's request. In the meantime, the file is **ADMINISTRATIVELY CLOSED.**

Dated at Milwaukee, Wisconsin this 30 day of December, 2005.

/s_____
LYNN ADELMAN
District Judge