UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSE G. SANTIAGO,
          Petitioner,

v.                                                 Case No. 04-C-0788

GARY R. McCAUGHTRY,
Warden of Waupun Correctional Institution
          Respondent.

---

### ORDER

On August 18, 2004, Jose G. Santiago filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On December 30, 2005, I stayed proceedings and administratively closed the case to allow petitioner to exhaust state remedies on some of his claims; I stated that petitioner could reopen proceedings upon request. On December 17, 2007, petitioner filed a written request to reopen his case, an amended petition, a brief in support of the petition, a request to substitute a party, a motion for counsel, a motion to enlarge the record, and a motion for an evidentiary hearing. Respondent filed a response and has requested a briefing schedule.[1]

The amended petition sets forth the same arguments as the original petition, as well as a claim for ineffective assistance of appellate counsel. The claims all raise colorable constitutional issues, and therefore I will allow them to proceed. Additionally, I will grant the unopposed motions to substitute a party and to enlarge the record. I will deny the

---

[1] Respondent has requested a briefing schedule on the issue of procedural default only. I will deny this request, and order briefing to proceed on all issues.

request for an evidentiary hearing at this time, as petitioner has not shown that his claim relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered through the exercise of due diligence. See 28 U.S.C. § 2254(e)(2).

Regarding petitioner's motion for appointment of counsel, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982).

In determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel himself. Jackson, 953 F.2d at 1072-73. Once a petitioner has established that his reasonable efforts to obtain counsel were unsuccessful, I may consider a nonexhaustive list of five factors to determine whether "fundamental fairness" or due process concerns are implicated by a request for appointed counsel:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

2

Jackson, 953 F.2d at 1072.

In this case, petitioner has not filed any documentation showing an attempt to secure counsel on his own. Therefore, at this time, I will deny his motion for counsel without prejudice.

**Therefore,**

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the amended petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Michael Thurmer and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

**IT IS FURTHER ORDERED** that the motion to substitute a party is **GRANTED.**

**IT IS FURTHER ORDERED** that Michael Thurmer is substituted as the proper respondent and Gary McCaughtry is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the motion to enlarge the record is **GRANTED.**

**IT IS FURTHER ORDERED** that the motion for counsel is **DENIED WITHOUT PREJUDICE.**

Dated at Milwaukee, Wisconsin this 1 day of April, 2008.

/s  
LYNN ADELMAN  
District Judge