# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSE G. SANTIAGO,
        Petitioner,

v.                                               Case No. 04-C-0788

MICHAEL THURMER,
Warden of Waupun Correctional Institution
        Respondent.

## ORDER

Petitioner Jose Santiago filed this petition in 2004 seeking a writ of habeas corpus. On December 30, 2005, I stayed the above-captioned case to allow petitioner an opportunity to present his unexhausted claims to the state courts. Petitioner did so, and now has returned from state court to proceed with this habeas action. Currently before me is petitioner's motion for counsel.[1]

The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. Wilson v. Duckworth, 716 F.2d 415,

---

[1] Petitioner has also filed a motion to supplement his motion for counsel, a motion to construe his memorandum in support of his amended petition as his brief in chief, and a motion for an extension of time. I will grant these motions without further discussion.

418 (7th Cir. 1983); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982).

In determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel himself. Jackson, 953 F.2d at 1072-73. Once a petitioner has established that his reasonable efforts to obtain counsel were unsuccessful, I may consider a nonexhaustive list of five factors to determine whether "fundamental fairness" or due process concerns are implicated by a request for appointed counsel:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

Jackson, 953 F.2d at 1072.

In this case, while petitioner has asserted that he has asked three different attorneys to represent him in this matter, he has provided no documentation in support of this assertion. Even if he had, and assuming that contacting three attorneys constitutes a reasonable effort to obtain counsel, I conclude at this stage of the litigation petitioner is capable of presenting his case. His briefs in support of his petition and in reply to respondent's brief in opposition are articulate and adequately address the relevant legal and factual issues in the case. Thus, after considering the ability of petitioner as well as the other factors listed above, I will deny plaintiff's motion for counsel without prejudice.

**IT IS THEREFORE ORDERED** that petitioner's motion for counsel is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all other pending motions (Docket # 61, 62 and 66) are **GRANTED.**

Dated at Milwaukee, Wisconsin this 17 day of March, 2009.

/s  
LYNN ADELMAN  
District Judge